## AETNA LIFE INS. CO. v. PLEASANT TP.

(Circuit Court of Appeals, Sixth Circuit. June 5, 1894.)

No. 164.

RAILROAD COMPANIES—MUNICIPAL AID—CONSTITUTIONAL RESTRICTIONS.

Laws Ohio 1880, p. 157, which authorizes any township having a population of 3,683 to issue bonds in the sum of $40,000 to construct a line of railway, seven miles in length, between termini to be determined by the township trustees, in view of the limited amount to be appropriated, and the failure to prescribe location or termini, on its face contemplates, not a constructed and equipped railroad, but a mingling of public aid with private capital, and therefore violates Const. Ohio, art. 8, § 6, which forbids the general assembly to authorize a township to raise money for, or loan its credit to or in aid of, any joint-stock company, corporation, or association. 11 Sup. Ct. 215, 138 U. S. 67, followed. 53 Fed. 214, affirmed.

In Error to the Circuit Court of the United States for the Northern District of Ohio, Western Division.

This was an action by the Aetna Life Insurance Company against Pleasant township on bonds issued by defendant. The circuit court overruled a demurrer to defendant's answer, and rendered judgment thereon for plaintiff, but the judgment was reversed on appeal to the supreme court, and the case remanded. 11 Sup. Ct. 215, 138 U. S. 67. Plaintiff then filed a reply to the answer, and the issues thereon were tried by the court,—a jury having been waived,—and judgment was rendered for defendant. Plaintiff brought error.

Jas. H. Sedgwick and O. J. Bailey, for plaintiff in error.

Doyle, Scott & Lewis, for defendant in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge. This was an action brought by the Aetna Life Insurance Company to recover upon bonds issued by Pleasant township, in Van Wert county, Ohio. The defense was that the bonds had been issued by the township under an act of the legislature which was in conflict with the constitution of Ohio. The act, passed April 9, 1880 (Laws Ohio, p. 157), authorized any township having a population of 3,683, upon a vote of the people, to issue bonds in the sum of $40,000 to construct a line of railway, seven miles in length, between termini to be determined by a resolution of the township trustees. The answer, for a second defense, averred that this was one of a series of acts passed to authorize the construction of a railroad through a line of townships from Ohio into Michigan; that the acts were passed to enable the townships to contribute the amounts named in each act, respectively, to the construction of a railroad, to be owned and operated as a private enterprise by a private corporation; that the act was therefore in violation of article 8, § 6, of the constitution of Ohio, providing that "the general assembly shall never authorize any county, city, town or township by vote of its citizens, or otherwise, to become a stockholder in any joint stock company, corporation, or association what-

ever; or to raise money for, or loan its credit to, or in aid of, any such company, corporation, or association."

A demurrer was filed to the answer of defendant, which demurrer the circuit court overruled; and, the defendant refusing to plead further, judgment was rendered for the plaintiff. The circuit court held that before the bonds were issued the supreme court of Ohio had, in Walker v. Cincinnati, 21 Ohio St. 14, upheld the validity of an act which could not be distinguished from the enabling act under which the bonds at bar were issued, and therefore that, in spite of subsequent decisions of the same court, made after the issuance of the bonds, declaring the enabling act invalid, the federal court must hold the bonds to be valid obligations of the township issuing them, under the principle announced in the case of Douglass v. Pike Co., 101 U. S. 677.

This judgment was carried by writ of error to the supreme court of the United States. The opinion of that court is reported under the name of Pleasant Tp. v. Aetna Life Ins. Co., 138 U. S. 67, 11 Sup. Ct. 215. The court held, in accordance with decisions of the supreme court of Ohio in the cases of Wyscaver v. Atkinson, 37 Ohio St. 80, and Counterman v. Dublin Tp., 38 Ohio St. 515 (rendered since the issue of the bonds here in suit), that the act was in conflict with the constitution of Ohio, and that such a conclusion was not inconsistent with the decision in Walker v. City of Cincinnati, 21 Ohio St. 14. The judgment was accordingly reversed, and the case was remanded to the circuit court, with instructions to overrule the demurrer to the answer. This was done, and a reply was filed, taking issue with the averments of the answer as to the circumstances under which the act was passed. The case was submitted to the court on the evidence, a jury being waived. Special findings of fact were made by the trial judge, sustaining the averments of the answer, and a judgment was rendered for the defendant. This judgment is now before us for review.

The contention for plaintiff in error is that as it was a bona fide purchaser, for value, of these bonds, it was not charged with notice of anything but the text of the statute itself, and was not bound to inquire into the motives or intent of the legislature, as inferred from other acts passed at the same time, and from facts extraneous to the act under which the bonds were issued, the existence or significance of which it could not know; that, on the face of the act, it raised exactly the same question of constitutionality which was considered in the case of Walker v. Cincinnati, 21 Ohio St. 14. The effort of counsel for plaintiff in error is to explain away the decision of the supreme court of the United States in this case by insisting that the hearing before that court was on the averments of the answer with respect to the surrounding circumstances under which the bonds had been issued, and that no question was then before the court as to the right to use such evidence, in attacking the constitutionality of the law, against a bona fide purchaser of the bonds, for value, without notice.

We do not find it necessary to consider the objection that bona fide holders of bonds are not charged with a knowledge of surround-

ing circumstances which render the enabling act invalid, because, while the supreme court did refer to such circumstances in the discussion of the act's validity, still the court held that, even if all the surrounding circumstances were ignored, the act was invalid, and was plainly distinguishable from the Walker Case. Mr. Justice Brewer, in delivering the opinion of the court, after referring to a decision of the supreme court of Ohio holding a similar act invalid (Wyscaver v. Atkinson, 37 Ohio St. 94, 95), finally said:

"The conclusion of that court was, we think, imperative, from the facts as developed. Beyond that, if we ignore all surrounding circumstances, the fact is that the amount of the aid to be voted was insufficient for the construction and equipment of a road of even short length; and, turning to the mere letter of the statute, we notice this significant fact: While the act of 1869 [i. e. the act under consideration in the Walker Case], by its language, contemplated and required a railroad, and thus a highway, from Cincinnati outward into territory subservient to its business interests, the act in question before us locates neither the road nor its termini. If the letter of the statute alone be regarded, power is given by this statute to construct a railroad in Alaska. Neither location nor termini are prescribed, and the general power is given to construct a railroad not exceeding seven miles in length. Can an act containing such indefinite provisions, with an appropriation of township aid so limited as to foreclose the idea of a constructed and equipped railroad, and whose thought of mingling public aid with private capital is so evidenced, be one which can be sustained, in the face of the inhibition of the constitution of the state of Ohio. We think not."

In this view, no case for recovery was stated in the petition, and therefore, without regard to the findings of fact on the evidence adduced, judgment ought to have been given for the defendant. The judgment of the court below is accordingly affirmed, with costs.